CALOGERO, Justice.
In this litigation Sherman A. Bernard, Insurance Commissioner for the State of Louisiana and Ancillary Receiver in Louisiana of Mobile Insurance Company seeks to collect approximately $300,000 from defendant, a Louisiana corporation. The sum purportedly represents unpaid accounts for premiums on policies sold and issued to the defendant agency for Mobile Insurance *196 Company and commissions on premiums unearned by virtue of court ordered cancellation of insurance policies written by Mobile Insurance Company.
Neither the facts of the case nor the relationship of Mobile Insurance Company to Brinkley & West, Incorporated and other companies is entirely clear from the record as it was made up in the district court. Nonetheless, it appears that Mobile is a Texas insurance company engaged in writing insurance policies for physical damage arid liability on mobile homes, motor homes and travel trailer businesses. The general agent for Mobile Insurance Company, Mclngvale & Associates General Agency, Inc. also a Texas corporation, entered contracts with several Louisiana sub-agents, one of which was Brinkley & West, Inc. Under these contracts, sub-agents were to place insurance policies with Mobile Insurance Company through Mclngvale, the general agent. Brinkley & West, Inc., a licensed surplus line broker in Louisiana, wrote policies on Mobile Insurance Company through the general agent, Mclngvale.
Mobile Insurance Company was placed in receivership in the State of Texas and all policies by it were cancelled. Mr. Herbert Crook of the Texas Insurance Department was named Liquidator of the Mobile Insurance Company, and he commissioned plaintiff Bernard ancillary receiver for the Mobile Insurance Company in the State of Louisiana. Plaintiff thereupon filed the instant suit in the Civil District Court for the Parish of Orleans.
Although the pleadings in the district court did not reflect it, Mclngvale & Associates General Agency, Inc., purported owner of Mobile Insurance Company, was apparently placed in bankruptcy in proceedings No. BK3-75-698F in the United States District Court for the northern district of Texas, Dallas Division. In that proceeding there was entered an “order authorizing compromise of controversy” by which the receiver of the bankrupt, Mclngvale, was directed to compromise a controversy with Herbert Crook, receiver for the Mobile Insurance Company “by abandonment of all accounts receivable owing to the bankrupt by the bankrupt’s field and sub-agents, both in the State of Texas or any other state . ” The effect of that order on this litigation and whether it authorizes or commissions the liquidator for Mobile Insurance Company to pursue claims owed to Mclng-vale in Louisiana have not been resolved in the proceedings below. That order was not alluded to, made part of the record, nor introduced and filed in evidence in the district court.
To plaintiff’s petition the defendant filed exceptions of no cause of action, no right of action and non-joinder of an indispensable party.[1] On the strength of the record in the district court which did not contain a copy of the bankruptcy order mentioned above,[2] the trial court maintained all three exceptions and allowed plaintiff thirty days to amend and join in the litigation Mclng-vale & Associates General Agency, Inc.
Plaintiff thereupon sought and was denied writs in the Fourth Circuit Court of Appeal.
The thrust of the court’s three-fold ruling was that the general agent with whom defendant contracted was to be brought into the proceedings before the litigation could go forward.
Plaintiff’s principal concern, as expressed in the application for writs to this Court (and which in some measure prompted our granting the writ), is that if this Court refused to grant the writ and reverse the trial court’s ruling, plaintiff would be foreclosed from making timely amendment to his petition as directed by the trial court because of his failure to appeal from the trial court’s ruling.
*197 Defendant’s position is simply that Mclngvale & Associates General Agency, Inc. (or its successor, transferee, or assignee as duly shown by proof of record in this lawsuit) be made party to the litigation before plaintiff should be allowed to go forward and litigate the claim against defendant.
Under the circumstances we find it unnecessary to treat more extensively the respective exceptions and court rulings below. Nor do we find it necessary to reverse the trial court’s rulings. Simply remanding the case to the district court to allow within fifteen days of finality of this judgment an amending of the pleadings and/or joining of additional parties as deemed necessary, will afford plaintiff the relief sought and an opportunity to have his day in court.

Decree

For the foregoing reasons the rulings of the trial court are affirmed. The ease is remanded for plaintiff to be given an opportunity within fifteen days of finality of this judgment to amend his pleadings and/or join additional parties.
DISTRICT COURT JUDGMENT AFFIRMED, CASE REMANDED.
DIXON, J., dissents.
This is an incorrect interpretation of the petition. Mclngvale is neither a necessary nor an indispensable party and the plaintiff is entitled to judgment if he proves his allegations.

. Actually the plea was an exception of non-joinder of a necessary party, but at the hearing on the exception at the prompting of the trial judge counsel for defendant amended the exception to designate it nonjoinder of indispensable party.

. On oral argument, the attorney for the plaintiff stated that he offered the order as an exhibit, but it was not admitted nor filed. It does not, therefore, appear in the record.